■ In the Matter of Victor Bonnell, Petitioner, v. Vincent L. Tofany, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Sullivan County) to review respondent's determination revoking petitioner's chauffeur's license for refusal to submit to a chemical test to determine the alcoholic content of his blood. On January 13, 1970 at approximately 7:35 P.M., State Trooper Connelly noticed a vehicle driven by petitioner weaving between lanes along Route 17 in the Town of Mamakating, Sullivan County. There was proof that, after stopping the vehicle and demanding petitioner's license and registration, the officer noticed a strong odor of alcohol on petitioner's breath which prompted him to ask the latter to stand on one leg, which he was unable to do; that thereupon Connelly placed petitioner under arrest for driving while intoxicated and asked him if he would submit to a chemical test for intoxication, advising him that if he refused he would lose his license regardless of whether he was subsequently convicted of the charge; and that petitioner refused to take the test despite a second such request and warning at the police barracks in Ferndale. Officer Connelly's testimony was contradicted by petitioner who claimed that he was never asked to take a chemical test for intoxication nor warned of the consequences of his failure to do so. The criminal charges against petitioner were ultimately dismissed. The respondent, whose function it is to determine credibility, accepted the trooper's testimony and his findings are clearly supported by substantial evidence in the record (Matter of Foster v. Tofany, 31 A D 2d 987). Petitioner's contention that he was denied his constitutional right to counsel is without merit (see Matter of Finocchairo v. Kelly, 11 N Y 2d 58, cert. den. 370 U. S. 912; Matter of Dobbins v. Tofany, 38 A D 2d 870; Matter of Brady v. Tofany, 36 A D 2d 987, affd. 29 N Y 2d 680). Determination confirmed and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of Nathan Roth, Respondent, v. Harwyn Dress Corp. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer and the State Insurance Fund from decisions of the Workmen's Compensation Board, filed May 30, 1972, December 14, 1972 and May 21, 1973. Claimant testified that, on August 13, 1971 while employed by Harwyn Dress Corporation, he lifted a heavy piece of canvas and experienced severe pain in the chest and right arm. Appellants contend that, if the incident occurred, it took place on August 6, 1971 while claimant was employed by another concern. There is some proof to support appellants' contention. The board, however, accepted claimant's version and found that the disability complained of was causally related to the accident of August 13, 1971. The conflicting testimony presented questions of fact and of credibility which are for the board to determine. Since the record reveals that the determination is supported by substantial evidence, we must affirm. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.